UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE GILBERT,

    Plaintiff,                              CIVIL ACTION NO. 15-CV-11325

vs.                                         DISTRICT JUDGE DAVID M. LAWSON

                                            MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff George Gilbert seeks judicial review of Defendant the Commissioner of Social Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 13). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.    Recommendation**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 11) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 13) be GRANTED. This matter should be dismissed in its entirety.

1

## II.     Procedural History

Plaintiff initially filed applications for Disability Insurance Benefits and Supplemental Security Income on November 29, 2011, alleging that he had been disabled since June 30, 2010,[1] due to hypertension, COPD, back pain, knee pain, bipolar disorder and alcoholism. (*See* TR 16, 18.) The Social Security Administration denied benefits. (*See* TR 16.) Plaintiff requested a *de novo* hearing, which was held on July 18, 2013, before Administrative Law Judge (ALJ) Ethel Revels, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 16-24.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

## III.    Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff (docket no. 11 at 10-15), Defendant (docket no. 13 at 5-7),[2] and the ALJ (TR 18-20) each set out a detailed factual recitation with regard to Plaintiff's medical record, Plaintiff's hearing testimony, and the VE's testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record. Therefore, the undersigned will incorporate the ALJ's factual recitation by reference. Additionally, the undersigned will include comments and citations as necessary throughout this Report and Recommendation.

## IV.    Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the act through

---

[1] Plaintiff later amended his application to include a closed period from August 2010 through August 2012 because he returned to work on September 1, 2012. (TR 233.)

[2] Defendant also adopts the ALJ's recitation of facts in this matter. (Docket no. 13 at 5.)

September 30, 2013; that he had not engaged in substantial gainful activity during the closed period of August 2010 through September 1, 2012;[3] and that he suffered from severe hypertension, COPD, bipolar disorder, alcoholism, a neck disorder, and a knee disorder. (TR 18.) The ALJ then found that his impairments did not meet or equal those listed in the Listing of Impairments. (TR 19-20.)

Next, The ALJ found that Plaintiff's allegations regarding the extent of his symptoms were not wholly credible and that, during the closed period, Plaintiff had the residual functional capacity to perform a range of medium work reduced by the following restrictions:

> [T]he work needed to be simple, routine and repetitive tasks such as those jobs at the svp 1 [o]r 2 skill level, due to occasional deficits in maintaining concentration for extended periods and in ability (sic) to understand, remember and carry out detailed instructions secondary to pain and his mental functioning; he needs a relatively clean air work environment; the work must not require providing service to the general public; and not require more than occasional interaction with co-workers and supervisors.

(TR 20-22.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work as a hand packer, small product assembler, or visual inspector, all of which were at the light exertional level. (TR 22-23.) The ALJ added, though, that although the VE found that some of the restrictions prohibited Plaintiff from performing medium work, he was currently performing work at the medium exertional level, and those restrictions still applied. (*See* TR 23.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act during the closed period. (TR 23-24.)

**V.    Law and Analysis**

---

[3] In the ALJ's official decision heading, she noted that Plaintiff engaged in substantial gainful activity from "September 1, 2012 to present," but in the discussion under that heading she used the date "September 1, 2013." (TR 18.) This second reference appears to be no more than a typographical error.

### A.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.   Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

5

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded because (1) the ALJ failed to properly evaluate the medical documentation from Plaintiff's treating psychiatrist and therapist at Team Mental Health; (2) the ALJ improperly weighed the opinion of Dr. Bray where Dr. Bray did not address all of Plaintiff's alleged work-related functions; and (3) the ALJ did not address how she arrived at Plaintiff's physical RFC assessment.[4] (Docket no. 11.)

### 1. The ALJ's Evaluation of the Medical Documents of Record

Plaintiff first argues that although the ALJ determined that Plaintiff could perform a large range of work, "the medical documentation from Plaintiff's treating providers was of the opinion that Plaintiff was markedly limited in the categories of understanding and memory, sustained concentration and persistence, social interaction, and adaptation." (*Id.* at 18.) He asserts that of the many treatment notes from Team Mental Health (Plaintiff's treating psychologist ant therapist) dating from November 9, 2011, through March 13, 2013, the ALJ only outlined five of the treatment notes in her decision, and three of those notes document treatment from after the closed

---

[4] Notably, the first two headings in Plaintiff's brief assert that the ALJ (1) failed to properly apply the treating-physician rule and (2) failed to support her RFC assessment, but the substantive arguments do not match these headings.

period of alleged disability. (*Id.* at 18-19.) Plaintiff argues that it was improper for the ALJ to consider the notes from outside the closed period. (*Id.* at 19.) Ultimately, Plaintiff contends, the ALJ did not consider Plaintiff's GAF score, did not properly consider the documentation, did not "address what weight was given to the medical documentation," and did not explain how the documentation was reflected in her RFC determination. (*Id.* at 20.)

As Defendant notes, Plaintiff cites to 43 pages of medical records without pointing to the opinion of any particular physician. And there is no legal authority for Plaintiff's proposition that the ALJ was required to articulate the weight that she gave to the treatment notes. (Docket no. 13 at 9.) With regard to Plaintiff's GAF scores in particular, as Defendant again points out, the ALJ did note Plaintiff's GAF scores (TR 21), but even if she had not, the Sixth Circuit has held that the ALJ need not explicitly discuss GAF scores. (*Id.* at 10 (citations omitted).)

Plaintiff's primary contention, though, is that the ALJ did not properly consider the evidence from Team Mental Health. With regard to this documentation, the ALJ stated as follows:

> Progress notes from Team Mental Health dated August 8, 2012 revealed claimant reporting no mood complaints, no anxiety, no depressed mood, and no medication side effects. Claimant was noted to report that his mood was stable. He was 11 months sober as of August 8, 2012. Progress notes dated October 3, 2012 indicated that claimant reported being sober for a year. He indicated that medications have helped, but that he had experienced some insomnia and anxiety lately. Reportedly, he was still looking for work. Progress notes dated March 13, 2013 reported continuing sobriety. "Mr. Gilbert is relatively stable, with some persisting symptoms that are still noticeable to a degree, including sadness; loss of interest, anxiety, rapid mood swings, hearing voices and seeing hallucinations. No complaints of medication side effects are reported. Medications have been beneficial, patient states "I am doing well." In progress notes dated June 19, 2013, claimant reported improvement in most symptoms and that medication has been helpful.

(TR 21.) Plaintiff is correct that the ALJ did not specifically mention any of the progress notes in

7

Exhibits B4F (ranging from January 4, 2012 through June 27, 2012) or B7F (ranging from November 9, 2011 through March 15, 2013) and that she only discussed a few of the many records from Exhibits B5F, B6F, and B8F. Nevertheless, an ALJ need not discuss every piece of evidence in the record. *Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Def. Sys.-Akron v. N.L.R.B.,* 200 F.3d 436, 453 (6th Cir. 1999)) ("[I]t is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'"). It is evident that the ALJ considered the evidence from Team Mental Health even if she did not directly address it in her opinion. And to the extent that Plaintiff takes issue with the ALJ considering evidence from after the closed period, "medical evidence that postdates the insured status may be, and ought to be, considered insofar as it bears on the claimant's condition prior to the expiration of insured status." *Anderson v. Comm'r of Social Security*, 440 F.Supp.2d 696, 699 (E.D.Mich.2006) (citing *Estep v. Weinberger*, 525 F.2d 757 (6th Cir.1975); *Davis v. Califano*, 616 F.2d 348 (8th Cir.1979); *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976)). Therefore, Plaintiff's argument is unpersuasive.[5]

### 2. The ALJ's Consideration of Dr. Bray's Opinion

Plaintiff next asserts that the ALJ improperly gave great weight to the opinion of Dr. Hugh Bray, a consultative examiner, where Dr. Bray did not address all of the work-related functions set forth in SSR 96-8p and SSR 85-15, including Plaintiff's ability to "use judgment in making

---

[5] In passing, at the end of the first section of his brief, Plaintiff asserts that "the ALJ failed to afford proper weight to Plaintiff's treating physicians, instead she relied upon the opinion of a non-examining physician and a non-examining psychologist who based her opinion on an incomplete record." (Docket no. 11 at 21.) This argument is undeveloped and is, therefore, waived. The Court is not obligated to address perfunctory arguments or develop them on Plaintiff's behalf, and it declines to do so. *See Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, at *14 (E.D. Mich. Jan. 25, 2013) (Grand, M.J.).

work-related decisions; respond appropriately to supervision, co-workers, and work situations; and deal with changes in a routine work setting." (Docket no. 11 at 23.) Moreover, Plaintiff contends, the ALJ did not explain how Dr. Bray's opinion factored into her mental RFC determination.[6] (*Id.*)

The Court has repeatedly held that an ALJ need not address every possible work-related function. *See*, *e.g.*, *Sumner, v. Comm'r of Soc. Sec.*, No. 13-14303 (Nov. 3, 2014). Notably, the plaintiff in *Sumner* was represented by Plaintiff's counsel, and counsel raised the same argument with regard to a consultative report provided by Dr. Bray. Other Magistrate Judges in this District have entered similar orders, including the following, as discussed by Defendant:

> [Plaintiff] next asserts that the ALJ failed to "address the work-related activities in the opinion by citing the medical evidence to support each finding," and thus failed in her obligations under SSR 96-8p and 85-15. . . . Specifically, [plaintiff] argues that the ALJ should have considered her ability to use judgment in the workplace, respond to work situations and co-workers, and deal with changes in the work setting. . . . As Defendant notes in its brief, Sixth Circuit precedent clearly establishes that "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App's 542, 547 (6th Cir. 2002) (quotation omitted). Furthermore, an ALJ is not required to include in her RFC assessment any limitations which she does not find credible. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Sumner*, 2014 WL 6809891 at *9.

*Johnson v. Comm'r of Soc. Sec.*, No. 14-14713 at 21022 (E.D. Mich. Sept. 18, 2015). Plaintiff's instant argument fails for the same reason. Moreover, as in *Sumner*, while Plaintiff argues that Dr. Bray's opinion failed to consider certain work-related functions, the ALJ addressed those functions, to the extent she found them credible, in her RFC determination.

---

[6] Plaintiff also references his severe impairments and implies that the ALJ's Step 2 finding was erroneous. (*See* docket no. 11 at 24.) Again, this argument is undeveloped, and the Court declines to develop it on Plaintiff's behalf.

9

With regard to the weight afforded to Dr. Bray's opinion, Plaintiff does not explain how affording great weight to the opinion was improper. The ALJ gave great weight to Dr. Bray's opinion, which he found to be consistent with the opinion of the state agency medical consultant, Linda Brundage, Ed.D. (TR 22.) Specifically, the ALJ found as follows:

> As for the opinion evidence, the undersigned assigns great weight to the assessment by Hugh Bray, Ph.D. dated February 16, 2016. Dr. Bray indicated that claimant had no more than moderate difficulties in performing mental work activities. He indicated that claimant would be capable of at least understanding, remembering and carrying out simple routine and repetitive tasks and that it is likely, he could handle more complex tasks. Difficulty in performing multiple tasks would likley be minimal. Dr. Bray further indicated that claimant would only have moderate difficulty withstanding stress and pressure associated with day-to-day work activities. His ability to interact with others in the workplace would only be mildly impaired. His ability to maintain concentration, attention, persistence, pace and effort is only mildly to moderately impaired. . . . Claimant's ability to work holding a sign and to return to work as a small parts packager is consistent with this opinion. The State agency medical consultant, Linda Brundage, Ed.D., provided an opinion that is consistent with Dr. Bray's assessment.

(TR 22.) Even if the Court disagreed with the ALJ's decision, her findings are supported by substantial evidence. Moreover, the ALJ's decision is sufficiently specific to make clear to the Court and to Plaintiff the weight she gave to Dr. Bray's opinion and her reason for affording that weight. *See Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). Therefore, Plaintiff's argument fails.

### 3. The ALJ's Physical RFC Assessment

Plaintiff also argues that the ALJ failed to properly consider his physical RFC or explain how she concluded that he was "'limited to medium exertional work due to complaints about fatigue, chest pain, joint pain, and shortness of breath secondary to COPD.'" (Docket no. 11 at 25 (quoting TR 22).) Plaintiff argues that before the ALJ could make such a determination, she should have ordered a consultative examination. (*Id.*) Defendant contends that the ALJ did

10

consider Plaintiff's physical limitations in determining his RFC, but even if she had not, Plaintiff waived any such argument when he "repeatedly told the ALJ through his attorney that he was seeking disability benefits due to his <u>mental</u> impairment(s).  (Docket no. 13 at 19 (citing TR 40-41, 324) (emphasis in original).)

U.S. Magistrate Judge Charles E. Binder addressed this issue in a 2010 Report and Recommendation:

> . . . . The United States Supreme Court has held that, for purposes of judicial review, a social security claimant does not waive an issue by failing to raise it in the Appeals Council. *Sims v. Apfel,* 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (plurality opinion). The Court expressly declined to address whether an issue is waived if it is not raised in the administrative hearing. *Id.* at 107.
>
> The First Circuit has held that allowing a claimant to raise in court an issue not raised at the Appeals Council stage is "entirely different from failing to offer evidence in the first instance to the ALJ, which is far more disruptive of the review function." *Mills v. Apfel,* 244 F.3d 1, 4 (1st Cir.2001). The First Circuit further noted that "Justice O'Connor's 'swing vote' in *Sims* rested on the distinct and narrow ground that the regulations there in question might have misled applicants as to the duty to raise issues in the Appeals Council." *Id.* at 4–5. Therefore, the First Circuit held that failure to raise an issue before the ALJ waives the issue. *Id.*
>
> The Eighth Circuit has also held that failure to raise a claim in an application for benefits or during the administrative hearing waives the claim. *Anderson v. Barnhart,* 344 F.3d 809, 814 (8th Cir.2003) (citing *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir.1996) (ALJ is "under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (citation omitted)).
>
> The Ninth Circuit has held that, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel,* 172 F.3d 1111, 1115 (9th Cir.1999). The Ninth Circuit reasoned that counsel "knew that all relevant evidence should have been brought to the ALJ's attention." *Id.* Some cases since *Meanel* have held that an argument not raised before the ALJ is waived without addressing whether the claimant was represented by counsel or not. *See, e.g., Howard v. Astrue,* 330 Fed. App'x 128, 130 (9th Cir.2009); *Brady v. Barnhart,* 36 Fed. App'x 914 (9th Cir.2002).

11

*Motin v. Comm'r of Soc. Sec.*, No. 09-CV-13354, 2010 WL 1754871, at *8-9 (E.D. Mich. Apr. 6, 2010), *report and recommendation adopted,* No. 09-13354, 2010 WL 1754821 (E.D. Mich. Apr. 30, 2010). Judge Binder then determined that "[t]he instant case d[id] not present the harsh situation where an uncounseled plaintiff failed to meet a technical legal requirement or did not meet an evidentiary burden that plaintiff may have been unfamiliar with. . . . [I]t [wa]s neither unreasonable nor harsh to hold the *pro se* Plaintiff responsible for listing and describing to the ALJ those easily discernible impairments which she believe[d] cause[d] her to be disabled."  *Id.*

A review of the Plaintiff's Representative Brief to the ALJ on July 10, 2013 is illuminating. (TR 233-236.)  In her brief, Plaintiff's counsel sets forth the rationale for finding Plaintiff disabled. She notes, though, that "*as a result of his severe mental disability*, he was unable to return to his past relevant work or any substantial gainful activity during the closed period." (TR 243 (emphasis added).)  Additionally, in the nearly two pages of medical records and treatment notes discussed in the brief, Plaintiff's counsel does not mention a single physical impairment. (TR 234-35.)  Even if Plaintiff were unrepresented, as was the plaintiff in *Motin*, the undersigned would agree with Magistrage Judge Binder's rationale and find that Plaintiff waived his argument by failing to contend in front of the ALJ that he was limited by his physical impairments. Here, though, Plaintiff was represented by counsel, which further supports such a finding. The Court should find that Plaintiff's failure to raise the issue of physical impairments in front of the ALJ results in a waiver of this claim on appeal.

**VI.    Conclusion**

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 11) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 13) should be

GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 29, 2016        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   April 29, 2016         s/ Lisa C. Bartlett
                                          Case Manager