UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE GILBERT,

                Plaintiff,                            Case Number 15-11325
                                                         Honorable David M. Lawson
v.                                              Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AFFIRMING THE FINDINGS OF THE COMMISSIONER,
AND DISMISSING COMPLAINT**

The plaintiff filed the present action on April 10, 2015 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability, disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, respectively. The case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on April 29, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to give fresh review "of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response to plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 58 years old, filed his protective applications for disability insurance benefits and supplemental security income on November 29, 2011, when he was 53. The plaintiff completed the ninth grade and previously worked as a fork lift operator, janitor, furniture refinisher, and laborer. In his original applications to the Social Security Administration, the

plaintiff alleged a disability onset date of June 30, 2010.  However, at the administrative hearing, the plaintiff amended his applications to request a closed period of disability from August 2010 to September 1, 2012, because he acknowledged engaging in substantial gainful activity after that date. The plaintiff has been diagnosed with hypertension, chronic obstructive pulmonary disease, bipolar disorder, alcoholism, a neck disorder, and a knee disorder.

The plaintiff's applications for disability insurance benefits and supplemental security income were denied initially on March 14, 2012.  The plaintiff timely filed a request for an administrative hearing, and on July 18, 2013, the plaintiff appeared before Administrative Law Judge (ALJ) Ethel Revels for an administrative hearing.  On September 26, 2013, ALJ Revels issued a written decision in which she found that the plaintiff was not disabled.  On February 26, 2015, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  The plaintiff filed his complaint seeking judicial review on April 10, 2015.

ALJ Revels reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520; 416.920.  She found that the plaintiff had not engaged in substantial gainful activity during a period from August 2010 to August 2012 (step one); the plaintiff suffered from hypertension, chronic obstructive pulmonary disease, bipolar disorder, alcoholism, a neck disorder, and a knee disorder, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work, which the ALJ found was variously unskilled or semi-skilled, and required light to very heavy exertion  (step four).

-3-

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of medium exertion work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with the following restrictions: no more than simple, routine, and repetitive tasks; clean air work environment; no providing service to the general public; and only occasional interaction with co-workers and supervisors.

A vocational expert testified that the nonexertional limitations restricting the plaintiff to a relatively clean air environment and limiting interaction with co-workers precluded work at the medium exertion level. Nonetheless, the vocational expert classified the work the plaintiff was then engaged in, a small products packager, at the medium unskilled level. The vocational expert testified that the plaintiff would be able to perform the requirements of representative occupations in the regional and national economies such as hand packer (2,500 jobs regionally and 100,000 jobs nationally), small product assembler (2,500 jobs regionally), and visual inspector (1,000 jobs regionally and 80,000 jobs nationally), all jobs within the light exertion level. Based on those findings, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

First Objection

The plaintiff framed the first issue in his summary judgment brief as a failure of the ALJ to give proper weight to the opinion of the plaintiff's treating physician, citing 20 C.F.R. §§ 404,1527(d)(2), 416.927(d)(2) [*sic*] (the "treating physician rule" regulations were renumbered 20 C.F.R. §§ 404.1527(c), 416.927(c)). The plaintiff made specific reference to the records of Team Mental Health, citing pages 288 through 331 of the administrative record. That documentation consists of treatment notes from the plaintiff's treating psychologist and therapist from November

9, 2011 to March 13, 2013.  He argues that the documentation shows that despite extensive medical treatment, the plaintiff experienced symptom magnification of anxiety as well as depression in addition to hearing voices and seeing hallucinations.  The plaintiff argues that the ALJ failed to give good reasons why she did not give weight to or even consider the Team Mental Health documentation, and that the magistrate judge erred when she rejected the plaintiff's argument.

It is true that the Sixth Circuit has held that reversal is required in a Social Security disability benefits case where the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work and fails to give good reasons for not giving weight to the opinion. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  In *Wilson*, the court stated that "pursuant to [20 C.F.R. § 404.1527(c)(2)], a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).  The error is not harmless when the reviewing court is hampered by the lack of explanation and the rejected evidence could very well establish disability.

However, the treating physician rule must be read in conjunction with the definition of "medical opinions" in the regulations.  The Secretary has explained that "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  The treatment notes cited by the plaintiff contain

2:15-cv-11325-DML-MKM   Doc # 17   Filed 08/01/16   Pg 6 of 10   Pg ID 726

virtually no reference to any "judgments about the nature and severity of [the plaintiff's] impairment(s)," and no discussion about "what [he] can still do despite impairment(s), and [his] physical or mental restrictions."

The plaintiff argues that all of that can be inferred from the report of his global assessment of functioning (GAF) score. The GAF scale is reflected in Axis V of a differential diagnosis. "Axis V is for reporting the clinician's judgment of the individual's overall level of functioning. This information is useful in planning treatment and measuring its impact, and in predicting outcome. The reporting of overall [psychological, social, and occupational] functioning on Axis V is done using the Global Assessment of Functioning (GAF) Scale." *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders – Text Revision 34* (*DSM-IV-TR*), 30 (4th ed. 2000). But GAF scores are "not raw medical data," *Kennedy v. Astrue,* 247 F. App'x 761, 766 (6th Cir. 2007), and "the Commissioner has declined to endorse the [GAF] score for use in" Social Security benefits programs, *Lee v. Comm'r of Soc. Sec.,* 529 F. App'x 706, 716 (6th Cir. 2013) (quoting *DeBoard v. Comm'r of Soc. Sec.,* 211 F. App'x 411 (6th Cir. 2006)). And the Sixth Circuit has refused in the past to find that a low GAF score established that the ALJ's decision was not supported by substantial evidence where the GAF scores were not accompanied by a suggestion that the claimant could not perform any work; substantial evidence supported the conclusion that the claimant was not disabled; and the VE testified that an individual with the claimant's limitations could still perform a number of jobs. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006).

The treatment notes provide no insight into the plaintiff's specific limitations. They provide a diagnosis, but that furnishes little help here in determining how the plaintiff's impairments impact

-6-

his ability to work.  They do not help in the determination of the plaintiff's RFC.  RFC is an "assessment of [the claimant's] remaining capacity for work," once his limitations have been considered.  20 C.F.R. §§ 404.1545(a), 416.945(a).  It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from — though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002).  The plaintiff has not explained otherwise how the treatment notes are necessarily inconsistent with the ALJ's mental RFC determination that he is limited to simple, routine, and repetitive tasks, cannot provide service to the general public, and cannot have more than occasional interaction with co-workers and supervisors.

The ALJ's discussion of the records from Team Mental Health was adequate in the context of the record as a whole.  The plaintiff's first objection will be overruled.

Second Objection

The plaintiff contends that the magistrate judge erred when she held that the ALJ's mental and physical RFCs were supported by substantial evidence.  The plaintiff notes that the ALJ agreed that he could not perform past relevant work and listed his restrictions.  But his argument consists only of the observation that his "ability to work has been severely over-estimated."  Obj. [dkt. #15] at 5.

The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983).  The reviewing court must affirm the Commissioner's findings if they are supported by substantial

-7-

evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001) (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

-8-

The magistrate judge discussed the medical evidence in the administrative record and concluded that the ALJ properly relied on the opinions of psychological consultant Dr. Hugh Bray. That opinion adequately supports the ALJ's RFC determination. The plaintiff has not explained how reliance on that opinion was improper, and he certainly has not developed the statement in his objection that his RFC was "over-estimated." After conducting fresh review, the Court believes that substantial evidence supports the ALJ's findings.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #14] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #15] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #13] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  August 1, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI